ORIGINAL

Approved: _____
HAGAN SCOTTEN
Assistant United States Attorney

15 MAG 0201

Before: HONORABLE FRANK MAAS
Chief United States Magistrate Judge
Southern District of New York

------------------------------------ X
                                     :
UNITED STATES OF AMERICA             :   COMPLAINT
                                     :
          - v. -                     :   Violations of 18 U.S.C.
                                     :   §§ 924(c), 1951, and 2
ZAY FORMAN,                          :
                                     :   COUNTY OF OFFENSE:
               Defendant.            :   BRONX
                                     :
------------------------------------ X

SOUTHERN DISTRICT OF NEW YORK, ss.:

ANTOINETTE GUZMAN, being duly sworn, deposes and says that she is a Criminal Investigator with the United States Attorney's Office for the Southern District of New York, and charges as follows:

COUNT ONE

1. On or about December 29, 2014, in the Southern District of New York and elsewhere, ZAY FORMAN, the defendant, did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, FORMAN robbed at gunpoint a store in the vicinity of 1030 Westchester Avenue in the Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

COUNT TWO

2. On or about December 29, 2014, in the Southern District of New York and elsewhere, ZAY FORMAN, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count One of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, which was brandished during a gunpoint robbery in the vicinity of 1030 Westchester Avenue in the Bronx, New York.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

3. I am a Criminal Investigator with the United States Attorney's Office for the Southern District of New York. I have been involved in the investigation of this matter, and I base this affidavit on that experience, as well as on my conversations with other law enforcement agents, and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. In the course of this investigation, I have spoken with a detective ("Detective-1") with the New York City Police Department ("NYPD"). Based on my conversations with Detective-1, I have learned, in substance and in part, the following:

a. At approximately 6:14 p.m. on or about December 29, 2014, Detective-1 responded to a radio call reporting the armed robbery of a "GameStop" videogame store located in the vicinity of 1030 Westchester Avenue in the Bronx,

New York (the "Store"). After his arrival in the vicinity of that address, Detective-1 interviewed three employees of the Store ("Employee-1," "Employee-2," and "Employee-3," collectively the "Employees").

    b. Employee-1, a cashier at the Store, stated, in substance and in part, that Employee-1 first noticed the perpetrator of the robbery, later identified to be ZAY FORMAN, the defendant, as FORMAN stood in line with other customers. FORMAN, an adult male, was wearing a black hooded sweatshirt or jacket and black jeans. FORMAN asked to purchase two videogame consoles. After Employee-1 retrieved the requested merchandise, FORMAN complained that the boxes containing the consoles were damaged. Employee-2, a manager at the Store, then moved to a storeroom to replace the merchandise. FORMAN moved to the storeroom as well, and Employee-1 followed. FORMAN then displayed a black handgun. FORMAN pointed the weapon at Employee-1 and Employee-2, as well as at Employee-3, who was already present in the storeroom. FORMAN directed Employee-1 to return to the store counter twice, first to retrieve the consoles and then to retrieve bags for carrying the consoles. After Employee-1 placed the consoles in the bags, FORMAN directed the Employees to kneel at the rear of the storeroom. FORMAN then took the bags containing the consoles and departed.[1]

    c. Employee-2 stated, in substance and in part, that Employee-2 first noticed the perpetrator, later identified to be FORMAN, when FORMAN attempted to follow Employee-2 into the storeroom. Employee-2 informed FORMAN that FORMAN was not allowed to enter the storeroom, at which point FORMAN displayed a black handgun. In sum and substance, Employee-2 described the remainder of the robbery as did Employee-1.

    d. Employee-3 stated, in substance and in part, that Employee-3 first noticed the perpetrator, later identified to be FORMAN, when FORMAN and Employee-1 and Employee-2 entered the storeroom, where Employee-3 was already present. In sum and

---

[1] During Detective-1's initial interview with Employee-1 on or about December 29, 2014, Employee-1 stated that Employee-1 was too frightened to have gotten a good look at the perpetrator.

substance, Employee-3 described the remainder of the robbery as did Employee-1 and Employee-2.[2]

5. I have spoken with Detective-1 about surveillance video taken from the Store, which Detective-1 has reviewed, and which I have reviewed in part. From my conversations with Detective-1 and viewing of the video, I have learned that multiple surveillance videos from the Store depict the robbery taking place in the same manner described by the Employees. In one portion of the video, the perpetrator's face is visible. I have compared that video to a photograph of ZAY FORMAN, the defendant, and FORMAN appears to be the perpetrator depicted in the video.

6. From my conversations with Detective-1 and my review of documents and records relating to this investigation, I have learned, in substance and in part, that on or about January 6, 2015, an NYPD officer received information from a confidential informant (the "CI") concerning ZAY FORMAN, the defendant.[3] According to the CI, FORMAN owed a debt to a drug dealer, and had conducted two robberies in order to pay that debt. One of those robberies was of a "GameStop" videogame store.

7. From my conversations with Detective-1 and my review of documents and records relating to this investigation, I have learned in substance and in part that in separate interviews on or about January 18, 2015, Detective-1 showed each of the Employees a "six-pack" photo array containing a photograph of ZAY FORMAN, the defendant. Employee-1, Employee-2, and Employee-3 each separately identified FORMAN as the perpetrator of the robbery.

---

[2] On or about December 29, 2014, Detective-1 showed each of the Employees photographs of individuals using the "Photo Manager" program. After viewing over 150 photographs, Employee-3 stated that a photograph of an individual ("Individual-1") other than FORMAN resembled the perpetrator. Detective-1 subsequently spoke with Individual-1 and determined that Individual-1 was present elsewhere at the time of the robbery.

[3] The CI is a paid informant for the NYPD who has provided accurate and reliable information on multiple occasions.

4

8. From my experience and observation, and the experience and observation of Detective-1, I know that the Store sells merchandise manufactured outside the State of New York.

WHEREFORE, deponent prays that ZAY FORMAN, the defendant, be imprisoned or bailed, as the case may be.

*[signature]*
ANTOINETTE GUZMAN
Criminal Investigator
United States Attorney's Office
Southern District of New York

Sworn to before me this
23rd day of January, 2015

*[signature]*
HONORABLE FRANK MAAS
CHIEF UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK