USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ZAY FORMAN,

          Petitioner,

  -against-

                                    16 Civ. 5185 (PAC)
UNITED STATES OF AMERICA,          15 Cr. 237 (PAC)

          Respondent.          **OPINION & ORDER**

------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Petitioner Zay Forman ("Forman") pled guilty to the use, carrying and possession of a firearm brandished during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He now petitions, *pro se*, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing that he was not convicted of a predicate crime of violence. For the reasons stated herein, his motion is DENIED.

## BACKGROUND

On April 16, 2015, a grand jury returned a two-count indictment charging Forman with Hobbs Act robbery of a videogame store on December 29, 2014, in violation of 18 U.S.C. § 1951 (Count One); and with using and brandishing a firearm in furtherance of that Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). ECF 9.

On October 6, 2015, pursuant to a written plea agreement, Forman pled guilty to Count Two, which has a statutory mandatory minimum sentence of 84 months' imprisonment. *See* Gov't Ex. A ("Plea Agm't"); Gov't Ex. B ("Plea Tr."). Under the terms of the agreement, the Government agreed that it would move to dismiss any open counts at sentencing; it did so at

1

Forman's sentencing on January 14, 2016. *See* Plea Agm't at 1; ECF 25 at 8. Forman's plea agreement provides not only for a guilty plea, but also for a waiver of his right to appeal or initiate a collateral attack. *See id.* The agreement states: "[i]t is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . of any sentence at or below the Stipulated Guidelines Sentence of 84 months' imprisonment." Plea Agm't at 3.

This Court sentenced Forman to 84 months' imprisonment. *See* ECF 25. Forman did not file a direct appeal.

Forman filed the instant petition on June 29, 2016. ECF 27. He contends that under *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Hobbs Act robbery charged in Count One no longer qualifies as a "crime of violence" as defined by 18 U.S.C. § 924(c)(3). *See id.* at 5. Forman also argues that because he did not plead guilty to Count One, there is no predicate crime on which to base his Section 924(c) conviction. *See id.*

## DISCUSSION

### I. Waiver of Collateral Attack

As an initial matter, Forman waived his right to file a Section 2255 petition when he voluntarily and knowingly entered into his plea agreement. *See United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) ("Waivers of the right to appeal a sentence are presumptively enforceable."); *see also Fernandez v. United States*, No. 12-CR-445 (JMF), 2016 WL 4735370, at *3 (S.D.N.Y. Sept. 12, 2016) ("The Second Circuit has repeatedly – and emphatically – held that a defendant's knowing and voluntary waiver of the right to appeal a sentence is generally valid and enforceable." (citing cases)); *United States v. Martinez*, No. 09-CR-1022 (KMK), 2014 WL 7146846, at *5 (S.D.N.Y. Dec. 12, 2014) ("A knowing and voluntary waiver of the right to

2

litigate pursuant to Section 2255 is also valid and enforceable.") (quotations and citations omitted).

Forman and his counsel signed the agreement. Plea Agm't at 5. This Court advised Forman that in agreeing to plead guilty to Count Two pursuant to the agreement, he was waiving certain rights, including his right to move under Section 2255, if he were sentenced to 84 months' imprisonment. *See* Plea Agm't at 3; Plea Tr. at 8. Forman voluntarily and knowingly agreed to the waiver. *See* Plea Tr. at 8. He does not allege that his sentence "was imposed based on constitutionally impermissible factors" nor that his waiver was "not made knowingly, voluntarily, and competently." *Arevalo*, 628 F.3d at 98 (quoting *United States. v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000)). The Court sentenced Forman to 84 months. ECF 25. Forman's collateral attack on his sentence is thus barred.

## II. Procedural Bar

Moreover, Forman's alleged claim of constitutional error is procedurally barred by his failure to raise such claim on direct appeal. *See Graziano v. United States*, 83 F.3d 587, 590–91 (2d Cir. 1996). He does not identify any good cause excusing this failure, nor allege any consequent prejudice; nor could he, as the claim is meritless. *See id; see also Campino v. United States*, 968 F.2d 187, 190 (2d Cir. 1992) ("[P]rocedural default of even a constitutional issue will bar review under § 2255, unless the defendant can meet the 'cause and prejudice' test . . . [and] failure to raise a claim on direct appeal is itself a default of normal appellate procedure.").

## III. Forman's Challenge on the Merits

Forman asserts that "the residual clause" of Section 924(c) "has been declared unconstitutional and in violation of due process," referring to *Johnson*, and contends that he thus has not committed a "crime of violence" within the meaning of Section 924(c). *See* ECF 27 at 5.

3

Even if there were no waiver or procedural default barring review (and both waiver and default are present), *Johnson* has no application here. *Johnson* held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), defining the term "violent felony," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557, 2563; 18 U.S.C. § 924(e)(2)(B).

Here, however, Forman pled guilty to 18 U.S.C. § 924(c), which prohibits, among other things, the use or carrying of a firearm during a crime of violence:

> the term 'crime of violence' means an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

After Forman filed his instant petition, the Second Circuit held that (1) the reasoning in *Johnson* is inapplicable to the definition of a "crime of violence" in § 924(c)(3), and that the clause is not void for vagueness and remains constitutional; and (2) Hobbs Act robbery is a "crime of violence" as defined by § 924(c)(3). *United States v. Hill*, 832 F.3d 135, 138, 145–49 (2d Cir. 2016). *Hill* found the very provision Forman now challenges to be constitutional; and expressly held that Hobbs Act robbery constitutes a "crime of violence" under § 924(c)(3), the exact crime on which Forman's Section 924(c) conviction is predicated. *See id.* His challenge must fail.

To the extent Forman contends that his Section 924(c) conviction must be vacated because he did not also plead guilty to a predicate crime – the Hobbs Act robbery charged in Count One – such argument is similarly foreclosed. The Second Circuit has "join[ed] the consensus" of other circuit courts and held that "§ 924(c) does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient

4

proof that the predicate crime was, in fact, committed." *United States v. Johnson*, 779 F.3d 125, 129–30 (2d Cir. 2015). Here, there was legally sufficient proof that Forman committed Hobbs Act robbery: he admitted during his plea allocution that he "possessed and brandished a handgun while forcibly stealing property from a retail video game store." Plea Tr. at 11; *see United States v. Rivera*, No. 16-191-cr, 2017 WL 659940, at *3 (2d Cir. Feb. 15, 2017) (summary order) (defendant's plea allocution provided factual basis for underlying predicate crime). His challenge on this ground also fails.

## CONCLUSION

For all of the foregoing reasons, the Court DENIES Forman's § 2255 motion. As Forman has not "made a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to terminate all pending motions and close this case.

Dated: New York, New York
April 20, 2017

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy mailed to:

Zay Forman (71918-054)
FCI Schuykill
P.O. Box 759
Minersville, PA 17954