

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 27, 2026

**BY ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re:  *United States v. Forman*, 15 Cr. 237 (LGS)

Dear Judge Schofield:

  The Government respectfully writes to provide the Court with a status update and request a status conference in the above-captioned matter.

  By way of background, on or about February 27, 2026, U.S. Probation Officer Sandra Osman filed a violation report charging Zay Forman, the defendant, with two specifications: failure to report to the Probation Office on three occasions as directed (Specification 1), and failure to participate in mental health treatment by failing to complete a mental health assessment as required by his terms of supervised release (Specification 2). As relevant here, Specification 2 arose out of an incident on or about February 9, 2026, when Mr. Forman attended a mental health assessment at New York Mental Health with a particular clinician ("Clinician-1"). Officer Osman recommended Clinician-1 to Mr. Forman because Clinician-1 specializes in mental health and was willing to conduct the assessment over videoconference, per Mr. Forman's request. However, during the assessment, which was held over videoconference, Mr. Forman raised his voice, cursed at Clinician-1, hung up on her, and ultimately failed to complete the assessment.

  This Court issued a summons for Mr. Forman based on the violation report and scheduled a conference for March 24, 2026. Prior to the conference, on March 13, 2026, the parties submitted a joint letter informing the Court that Mr. Forman was in general compliance with his terms of supervision and an evidentiary hearing may not be necessary so long as Mr. Forman complied with his mental health treatment condition and did not violate any other terms of supervised release for another two months. (Dkt. 57). During the March 24 conference, Mr. Forman, who appeared remotely with the Court's leave (*see* Dkt. 58), represented to the Court that he would comply with his mental health treatment condition and work with the Probation Office to develop a plan to assure compliance. Based on those representations, the Court ordered the parties to submit a status letter by May 22, 2026, informing the Court of the status of Mr. Forman's compliance with the terms of supervision. (Dkt. 59).

  Since the March 24 conference, despite his representations to the Court, Mr. Forman has failed to comply with his mental health treatment condition and has demonstrated through his conduct that compliance is unlikely. Specifically, according to Officer Osman, on or about April 7, 2026, Clinician-1 attempted—for the second time—to conduct a mental health assessment with Mr. Forman, which was held virtually at Mr. Forman's request. Mr. Forman, however, angrily ended the call and failed to complete the assessment. A few weeks later, on or about April

23, 2026, Mr. Forman attended a mental health assessment at his then-current outpatient facility. During that session, which was held in person, Mr. Forman used intimidation tactics to dictate how the assessment would go and what should be reported to his probation officer. Although Mr. Forman technically completed the assessment, he did so on his own terms and in such a belligerent manner that the outpatient facility's staff concluded that Mr. Forman needs a higher level of care that the facility cannot provide. Mr. Forman has since been discharged from that outpatient facility and has further made clear to Officer Osman that he will not attend any additional outpatient treatment notwithstanding the assessment's conclusion that he needs mental health treatment.

In addition to Mr. Forman's non-compliance, since the March 24 conference, Officer Osman has learned that the New York City Police Department has at least four open complaints against Mr. Forman filed by civilians that appear to be related to the Probation Office's concerns about Mr. Forman's mental health, including one complaint alleging criminal mischief. Against this backdrop, the Government and Probation Office have serious concerns about Mr. Forman's ability to comply with his terms of supervision, and specifically believe that Mr. Forman's refusal to receive mental health treatment poses a serious risk not only to his well-being, but to the public's safety.

In light of the foregoing, the Probation Office has informed the Government that it intends to seek revocation of Mr. Forman's bail and amend the violation report to account for Mr. Forman's most recent conduct. The Government respectfully requests that the Court schedule a status conference this or next week to further discuss these issues and set a schedule for the revocation proceeding. The Government has conferred with defense counsel, who does not oppose this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:      /s/
Adabelle U. Ekechukwu
Assistant United States Attorney

cc: All counsel of record (by ECF)
  Probation Officer Specialist Sandra Osman (by email)

Application Granted. By **May 11, 2026**, the Government shall file a letter identifying which specifications it intends to pursue at a revocation proceeding and include a list of its expected witnesses with the estimated length of their direct testimony. The parties shall appear for an in-person status conference on **May 19, 2026, at 10:30 a.m**. Defendant's arraignment on the Amended Violation Report dated April 29, 2026, and the Probation Department's application to revoke bail are referred to the magistrate judge on duty. The parties shall schedule the arraignment to occur before the May 19, 2026, conference date. The Clerk of the Court is directed to terminate the letter motion at docket number 60.

Dated: May 4, 2026
New York, New York                                2

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE